**Gerald Martin HANSEN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–3796

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 23, 1992.

Gerald M. Hansen, Memphis, Tenn., for plaintiff-appellant.

Karla Spaulding, Fran Carpini, Asst. U.S. Attys., Tampa, Fla., for defendant-appellee.

Before FAY and ANDERSON, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

Gerald Hansen was convicted by a jury of two counts of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and one count of transfer of an unregistered firearm in violation of 26 U.S.C. § 5861(e). The district court sentenced him to three consecutive ten-year sentences, the maximum penalty for his violations. This court affirmed the convictions and sentences. *United States v. Hansen*, 831 F.2d 1068 (11th Cir.1987).

Hansen then filed this action pursuant to 28 U.S.C. § 2255 alleging, among other things,[1] that his sentence was unconstitutional because it was imposed in retaliation for his exercise of his right to trial by jury. Specifically, he alleges that, during the sentencing proceeding, the district court judge stated:

> Mr. Hansen, I want to make something perfectly clear to you! The reason I am sentencing you to consecutive maximum sentences on each count is because you

---

**1.** On appeal, Hansen specifically waives all of his claims except the one discussed in this opinion.

made me go to trial for four (4) days and did not follow the advice of your attorney and plead guilty. I would have only given you probation.[2]

As Hansen concedes, this alleged statement by the district court judge does not appear in the transcript of the sentencing proceeding. Hansen claims that this statement was deleted from the transcript. Accordingly, he requests a copy of the court reporter's original sound tape of the proceeding so that he can prove that the alleged statement was made and thereby prove his claim. The district court denied this request and declined to address Hansen's claim that his sentence was unconstitutional because it was imposed in retaliation for his exercise of his right to a jury trial.[3]

■ The government argues for the first time on appeal that Hansen's request of the court reporter's original sound tapes of the sentencing proceeding is procedurally barred because it could have been raised on direct appeal. As the government did not raise this procedural bar argument in the district court, we decline to consider it on appeal.[4]

In support of his request for the court reporter's original sound tapes of his sentencing proceeding, Hansen relies on 28 U.S.C. § 753, which sets out the duties of a court reporter appointed by a district court of the United States. That statute provides, in pertinent part:

The reporter ... shall attach his official certificate to the original shorthand notes or other original records so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than ten years

.　　.　　.　　.　　.

The original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge.[5]

This court has not addressed how this statute impacts upon an inmate's request for access to the court reporter's notes of his underlying criminal proceeding. The Seventh Circuit, addressing a prisoner's right to section 753 materials, has held:

Denying access to court files to prisoners, given the statutory inspection rights granted by 28 U.S.C. § 753(b), works an invidious discrimination which cannot pass muster under the equal protection pregnant of the Fifth Amendment's due process clause when the important substantive constitutional right of access to the courts is implicated.[6]

Thus, the Seventh Circuit determined that a prisoner's request for the record in his underlying criminal proceeding should be granted "as of right by the district courts to prisoners seeking to use the record to prepare a collateral attack on their conviction."[7]

---

2. Appellant's Brief at 2.

3. In denying Hansen's request for access to the court reporter's original records, the district court relied on its previous denial of a similar request made by Hansen in a petition for declaratory judgment. The district court's reliance on its previous decision was erroneous for two reasons. First, the district court summarily denied Hansen's petition for declaratory judgment. Thus, it is unclear whether the district court determined that Hansen's request made therein was unmeritorious or that the request simply was not appropriate for a petition for declaratory judgment. Second, as we make clear in this opinion, a prisoner's request for access to the court records of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction. Hansen filed his petition for declaratory judg-

ment before he filed this action collaterally attacking his conviction.

4. *See Jenkins v. Anderson,* 447 U.S. 231, 234 n. 1, 100 S.Ct. 2124, 2127 n. 1, 65 L.Ed.2d 86 (1980) (Supreme Court declined to considered procedural bar issue that was not raised in either the district court or the court of appeals); *Thompson v. Wainwright,* 787 F.2d 1447, 1456–57 (11th Cir.1986) (state may waive procedural default by not asserting it in a timely manner), *cert. denied,* 483 U.S. 1012, 107 S.Ct. 3247, 97 L.Ed.2d 751 (1987).

5. 28 U.S.C. § 753(b).

6. *Rush v. United States,* 559 F.2d 455, 459 (7th Cir.1977).

7. *Id.* at 459–60.

 We agree with the Seventh Circuit that prisoners have a right of access to the court files of their underlying criminal proceeding. We do not agree, however, that this right extends to access to the records for the purpose of *preparing* a collateral attack on a conviction. We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.[8] It is only when a prisoner has made such a showing that the constitutional right of access to the courts is implicated.

 In this case, Hansen's claim that the district court judge gave him a maximum sentence in retaliation for exercising his right to a jury trial is dependent upon proof of his allegation that district court judge admitted this retaliatory act during the sentencing proceeding. Hansen has shown that he can prove this allegation only by reviewing the court reporter's original records of this proceeding. Accordingly, Hansen is entitled to access to these records, to the extent they exist. Assuming the records do exist, we leave it to the district court to fashion an order that permits Hansen access to these records and also provides appropriate safeguards to maintain the integrity of the records.[9]

Our holding in this case is specifically limited to the situation when a prisoner seeks *access* to court files, as opposed to the situations when a prisoner seeks, at government expense, either copies of court files or transcripts of proceedings.[10] Hansen has expressed his willingness to pay for any copies he wishes to make of the records he seeks. Our holding governs only his access to these records.

Accordingly, for the foregoing reasons, the district court's decision is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

---

**8.** *Accord United States v. Losing,* 601 F.2d 351, 353 (8th Cir.1979).

**9.** *See United States v. Davidson,* 438 F.Supp. 1253, 1256 (N.D.Ind.1977) (establishing procedure for allowing prisoners access to court records).

**10.** *See* 28 U.S.C. § 753(f) (governing a prisoner's ability to obtain transcripts at government expense).