**UNITED STATES of America**

v.

**Gerald Martin HANSEN.**

**Nos. 90–57–CIV–FTM–17,**
**85–1–CR–FTM–15.**

United States District Court,
M.D. Florida,
Fort Myers Division.

March 31, 1992.

Gerald M. Hansen, pro se.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on remand from the Eleventh Circuit Court of Appeals. 956 F.2d 245. Defendant filed a petition pursuant to 28 U.S.C. § 2255 alleging that his sentence was unconstitutional because it was imposed in retaliation for his exercise of his right to trial by jury. The Eleventh Circuit quotes the defendant as asserting that during sentencing this Court stated:

> Mr. Hansen, I want to make something perfectly clear to you! The reason I am sentencing you to consecutive maximum sentences on each count is because you made me go to trial for four (4) days and did not follow the advice of your attorney and plead guilty. I would have only given you probation.

The appellate court notes that such statement does not appear in the TRANSCRIPT OF SENTENCING provided by the Official Court Reporter Claudia M. Fry.[1]

The appellate court opinion states that the defendant claims that the statement was omitted from the transcript. Defendant requested "a copy of the court reporter's original sound tape of the proceedings." The request was denied by this Court, the appellate court determined this to have been improper:

> In this case, Hansen's claim that the district court judge gave him a maximum sentence in retaliation for exercising his right to a jury trial is dependent upon proof of his allegation that district court judge admitted this retaliatory act during the sentencing proceeding. Hansen has shown that he can prove this allegation only by reviewing the court reporter's original records of this proceeding. Accordingly, Hansen is entitled to access to these records, to the extent they exist. Assuming the records do exist, we leave it to the district court to fashion an order that permits Hansen access to these records and also provides appropriate

safeguards to maintain the integrity of the records ... Hansen has expressed his willingness to pay for any copies he wishes to make of the records he seeks. Our holding governs only his access to these records.

Upon receipt of the remand order, this Court promptly inquired of the official court reporter as to the existence of the "original sound tape" of the sentencing proceeding. In response, the official court reporter, Claudia M. Fry, and her secretary, Deborah Blizzard, promulgated affidavits, attached here as Exhibits A and B. The statements of both the court reporter and her secretary clearly state that there are *no* "sound tapes" available for review by the defendant:

> Excerpts from Affidavit of Claudia M. Fry
>
> I did not tape record said proceedings and there is no tape recording of the proceedings.... [T]hat I, along with my secretary Deborah Blizzard, have been contacted on numerous occasions by Mrs. Hansen, wife of Gerald M. Hansen, requesting a tape of the sentencing proceedings, and Mrs. Hansen has been told repeatedly that there is no such tape. My secretary has even pulled the notes from where they are filed and shown said notes to Mrs. Hansen to let her see for herself firsthand that there is no tape filed with the notes.

The affidavit of Ms. Blizzard confirms the affidavit as quoted.

The appellate court remanded this cause to this Court to provide access to the records, if any, *sought* by defendant in support of his petition; in this case only the "original sound tape" of the sentencing has been sought according to the opinion of remand. The Court cannot provide access to "sound tapes" that simply do not exist!

The stenographic records are available, and have always been available, to the defendant, and are not sought herein by defendant. The affidavits attached make it

---

1. This Court has reviewed the entire transcript of the sentencing proceedings and finds no statement even similar to defendant's asserted statement. In fact this Court could have sentenced defendant to sixty years, instead of the thirty he received, with thirty suspended pending completion of probation.

clear that the stenographic notes, which would have to be transcribed by another court reporter at defendant's expense, have been always available to defendant for transcription but were never requested for transcription. This Court, therefore, does not interpret the remand order as a directive to arrange for defendant to have access to the stenographic notes, as he is not seeking those records and access to those records have *never been denied.* Accordingly, it is

ORDERED that the defendant's request for access to "original sound tapes" be *denied,* as no tapes exist to produce to defendant, and this case be *returned* to the appellate court for further proceedings.

DONE and ORDERED.

EXHIBIT A
STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

AFFIDAVIT

I, CLAUDIA M. FRY, Official United States Court Reporter for the Honorable Elizabeth A. Kovachevich, do hereby certify that I am the Court Reporter who reported the sentencing proceedings of Gerald M. Hansen, Case Number 85–1–Cr–FtM–17B on October 10, 1985.

I further certify that I am an employee of the Clerk's Office and as such am required to file my official court notes in my office and to preserve them for not less than ten years.

I further certify that said notes have been filed in my office since October 10, 1985, and have been under my custody and control since said date.

I further certify that at the time the sentencing proceedings were reported by me on October 10, 1985, I did not tape record said proceedings and there is no tape recording of the proceedings.

I further certify that I, along with my secretary Deborah Blizzard, have been contacted on numerous occasions by Mrs. Hansen, wife of Gerald M. Hansen, requesting a tape of the sentencing proceedings, and

Mrs. Hansen has been told repeatedly that there is no such tape. My secretary has even pulled the notes from where they are filed and shown said notes to Mrs. Hansen to let her see for herself firsthand that there is no tape filed with the notes.

/s/ Claudia M. Fry
Claudia M. Fry,
Official U.S.
Court Reporter

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

NOTARIAL CERTIFICATE

I hereby certify that the attached Affidavit was acknowledged before me this 27th day of March by Claudia M. Fry, who is personally known to me or who has produced a driver's license as identification and who did not take an oath.

Sworn to and subscribed before me this 27th day of March, 1992.

/s/ Cindy L. Soppous
Notary Public, State of Florida
At Large

My Commission Expires:
NOTARY PUBLIC, STATE OF FLORIDA.
MY COMMISSION EXPIRES: April 4, 1995.
BONDED THRU NOTARY PUBLIC UNDERWRITERS.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

AFFIDAVIT

I, DEBORAH BLIZZARD, secretary to CLAUDIA M. FRY, Official United States Court Reporter for the Honorable Elizabeth A. Kovachevich, do hereby certify that I have been Ms. Fry's secretary since June of 1986.

I further certify that as secretary, I transcribe all of Ms. Fry's official notes.

I further certify that as secretary, I also have contact with the public who call or come in ordering transcripts.

I further certify that as secretary, I have had contact in the past with Mrs. Hansen, wife of Gerald Hansen, who has requested

a tape recording of the proceedings of October 10, 1985, of the sentencing of Gerald M. Hansen. This has happened several times, both over the phone and in person. I have told Mrs. Hansen repeatedly that there is no tape with the notes, and have even gone and retrieved said notes and shown Mrs. Hansen the notes in order that she could see for herself.

I further certify that I have never seen a tape attached to the notes of October 10, 1985.

/s/ Deborah Blizzard
Deborah Blizzard, Secretary to
Claudia M. Fry, Official U.S.
Court Reporter

### EXHIBIT B

I hereby certify that the ATTACHED Affidavit was acknowledged before me this 27th day of March by Deborah Blizzard who is personally known to me or who has produced a driver's license as identification and who did not take an oath.

SWORN TO AND SUBSCRIBED before me this 27th day of March, 1992.

/s/ Cindy L. Sorrous
Notary Public, State of
Florida at Large

My Commission Expires:

NOTARY PUBLIC, STATE OF FLORIDA.

MY COMMISSION EXPIRES: April 4, 1995.

BONDED THRU NOTARY PUBLIC UNDERWRITERS.