54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Terry Lee BARKER, Plaintiff-Appellant,
v.
Denise RANDALL, et al. Defendants-Appellees.
 No. 93-35767.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1995.*
Decided May 17, 1995.
 
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Terry Barker appeals the dismissal of his complaint under 28 U.S.C. Sec. 1915(d). A district court may dismiss an in forma pauperis complaint under Sec. 1915(d) as frivolous if it lacks an arguable basis in law or fact. Lopez v. Dep't of Health Services, 939 F.2d 881, 882 (9th Cir. 1991). We agree with the district court that the complaint lacks an arguable basis in law.
 
 
 3
 The factual basis of Barker's amended complaint is that defendants allegedly took from him a copy of a Child Abuse Response and Evaluation Services (CARES) report. The report detailed interviews with the two children Barker was convicted of abusing. Legally, the complaint asserts claims under 42 U.S.C. Secs. 1983, 1985 and 1986. It claims violations of Barker's constitutional rights to due process, equal protection and access to the courts.
 
 
 4
 Construing the complaint liberally, the complaint might be read as asserting a conspiracy to deny Barker "the due course of justice" or "the equal protection of the laws" under Sec. 1985. Such a claim fails because liability under these provisions of Sec. 1985 requires an allegation of a class-based, invidiously discriminatory animus, Bagley v. CMC Real Estate Corp., 923 F.2d 758, 763 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992), and "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights," Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1519 (9th Cir. 1987). The complaint makes no allegation that defendants acted with racial or other class-based animus or that Barker is a member of a class protected by Sec. 1985. The Sec. 1986 claim likewise fails, because a claim can be stated under Sec. 1986 only if the complaint alleges a valid claim under Sec. 1985. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.), cert. denied, 112 S. Ct. 2306 (1992).
 
 
 5
 Barker's claims under Sec. 1983 also fail. He asserts no equal protection claim because he fails to assert discrimination against him because of his membership in a particular class. He asserts only that he was treated unfairly as an individual. See Stop H-3 Ass'n v. Dole, 870 F.2d 1319, 1432 (9th Cir. 1989) (equal protection claim requires showing of discriminatory purpose, meaning that the decisionmaker took a course of action at least in part because of its adverse effects upon an identifiable group).
 
 
 6
 Likewise, no due process claim is stated. The destruction of an inmate's property does not give rise to a Sec. 1983 due process claim, if the destruction was unauthorized in the sense that it was not part of an established state procedure, and the state provides post-deprivation remedies. Hudson v. Palmer, 468 U.S. 517, 530-33 (1984). Barker alleges no such established state procedure, and a post-deprivation remedy is provided by the state. See Or. Rev. Stat. Sec. 30.265.
 
 
 7
 The only remaining issue is whether Barker has stated a Sec. 1983 claim for denial of access to the courts. The courts have recognized a constitutional right of access to the courts. E.g., Bounds v. Smith, 430 U.S. 817, 828 (1977). However, in cases not involving access to a law library, we have held that the plaintiff must allege an actual injury, consisting of some specific instance in which he was actually denied access to the courts. Johnson v. Moore, 948 F.2d 517, 521 (9th cir. 1991); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).
 
 
 8
 We recognize that, as a civil rights plaintiff proceeding pro se, we should construe Barker's pleading liberally. On the record here, however, we conclude that Barker was required to offer some rational explanation for why he needs the CARES report in pursuit of his right of access to the courts, and that he failed to do so. He does not explain for which proceeding he needs the document. If he needs the report in an appeal or habeas proceeding to prove his innocence,[1] he offers no explanation for how the CARES report would assist in such a proceeding. The pages of the report he attaches to his complaint could hardly be more incriminating of Barker himself.[2] While Barker highlights portions of the report indicating that defendant Randall, the mother of the victims, "didn't care" or "did not intervene" to stop Barker's abuses of the children, such statements would be of no help in establishing Barker's innocence.
 
 
 9
 Barker does make reference to another federal civil suit he has filed (No. 92-6217), and suggests that he needs the report as evidence in that suit. He does not explain the nature of that suit or even identify the defendants, but does suggest that the purpose of that suit is to prove that the illegal conduct of those defendants resulted in his wrongful conviction.[3] If he is asserting such a claim by way of a civil rights suit in No. 92-6217, then that suit would itself appear to be frivolous. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). See also Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992) (noting that "a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.").
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Barker does allege in this amended complaint that the report contains "many inconsistent statements that he would use to rebut the fraudulent and deceptive testimony given by alleged victims and members of the alleged victims' families," and that "plaintiff's freedom from illegal incarceration hinges on Relief sought through his Appeal," but then goes on to allege that "[p]laintiff does not seek to challenge the legality of his unlawful confinement through this Suit alone, but rather, it is his wish to establish a claim against defendants for the Malicious, Collusive, and Scandalous conspiratorial Concealment and suppression of Exculpatory Evidence! ! !"
 
 
 [2]
 The attached portions of the report detail interviews with the two children and a physical examination of one of them. Both children indicated that they had been sexually abused by Barker. The preparer of the report concluded that the daughter "was the victim of extensive sexual abuse by [Barker]," and that the physical examination supported such a conclusion. In none of his papers does Barker claim that the report was introduced at trial
 
 
 [3]
 The amended complaint alleges that he has filed another civil complaint "alleging malicious intent, conspiracy, etc.," and that "the allegations therein were based entirely on fraudulent and deceptive statements recorded in the ... CARES report!" His motion for reconsideration states that he "has adamantly denied all charges made against him in connection with this present conviction from day one (1) and steadfastly maintains his innocence of guilt in the face of all those who have failed to make a proper investigation into these 'false reports' and have allowed this gross injustice to temporarily prevail!"