22,772

## INMATE'S DECLARATION

I, _Robert Lee Smith_ , am the applicant / petitioner (circle one) and being presently incarcerated in _Walker County_ , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _31 September_, 20_15_.

_Robert Lee Smith_
Signature of Applicant / Petitioner (circle one)

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 02 2015
Abel Acosta, Clerk

This document contains some pages that are of poor quality at the time of imaging.

## MOTION FOR LEAVE TO FILE
### IN THE COURT OF CRIMINAL APPEALS OF TEXAS
### AT AUSTIN, TEXAS

ROBERT LEE SMITH,
      APPLICANT,

NOS:961276 & 966324

VS.

DISTRICT CLERK, HARRIS
COUNTY, TEXAS
      RESPONDENT,

### MOTION FOR LEAVE TO FILE
### APPLICATION FOR MANDAMUS

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

NOW COMES ROBERT LEE SMITH, applicant, complaining of District Clerk of Harris, County, Texas Respondent, and pursuant to Rule 211 of the Texas Rule of Appellate procedure in criminal cases moves this court to Grant applicant leave to file this application for a Writ of Mandamus tendered contemporaneously with this motion.

Applicant prays that the motion be Granted, the said application for Mandamus be filed and set down for a hearing, that the relief requested be granted, and for other relief, general and special, including a stay of the proceeding below until the matters complained of in said application are cured.

Respectfully, Submitted

Applicant -pro se
Ellis Unit/1697 FM 980
Huntsville,Texas 77343

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above motion for leave to file application for Mandamus was delivered or mailed to Respondent at Respondent's address on this 31 day of _September_ ,,2015;

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN, TEXAS

Robert Lee Smith
   Applicant,

Nos:961276 & 966324

Vs.

District Clerk, Harris
County, Texas
   Respondent.

## APPLICATION FOR MANDAMUS

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

NOW COMES ROBERT LEE SMITH, APPLICANT,and asks this court to issue a Writ of Mandamus to the District Clerk, of Harris County, Texas respondent, to require the respondent describe relief requested and in support of this application would show the Court the following; That every since jury trial and on appeal applicant has been informing the respondent about all records along with transcripts, to allow applicant his constitutional rights to prepare for his appeal under the Six Amendment of the United States Constitution, Due Process Law and equal Protection.

### I.
### FACTUAL BACKGROUND

Applicant was tried for the offense of aggravated sexual assault of a child in a case styled, The State Of Texas Vs. Applicant, Numbers 961276 & 966324, in the 184th. Judicial District Court Of Harris County, Texas. The Indictment was returned on the 24 day of October, 2003. Trial was begun on the 3 day of August,2003, and completed on the 15 day of November,2003. A Jury found applicant guilty and assessed punishment at fifty(50)years concurrent in the Texas Department Of Corrections(see exibit 'b' attached hereto.)Notice of Appeal was timely filed on the 28 day of November 2005. (see 'm' all exibits attached hereto) Aplicant filed defendant(applellant's request for a transcription of the Reporter's Notes(see exibits A-B-D-E-F attached hereto). The only respondent response was held about request on Feburary 28,2008,(see exibit C attached hereto). Subsequently, the court reporter has refused to prepare the transcript, contending that the applicant was not indigent. (see exibits A.B. attached hereto) Applicant subseqvently requested the trial court to enfo-

(1).

rce his order(see exibit E.F.attached hereto). But the trial court has refused to do so.

## II.

### REQUEST FOR RELIEF

Applicant requests in this application that this court direct respondent to order the court reporter to prepare copy of the trial proceedings below without charge to applicant, as required by law.

## III.

### JURISDICTION

This court has jurisdiction to consider this application pursuant to art.5,5 of the Texas Constitution and article 4.04 Of Criminal Procedure.

## IV.

### AUTHORITIES AND ARGUMENT

Applicant contends that he is indegent without funds, property or securities in which to pay for trial court records, Therefore, the documents and records should be afforded at no cost to defendant in order that he may construct an Appeal, and, support of the foregoing defendant cites the following cases:

ECKRIDGE V. WASHINGTON, 357 U.S.214, 78 S.CT. 1067(1959), SMITH V. BENNETT.365 U.S. 477,83 S.CT. (1963): ORAPER V. WASHINGTON, 372 U.S.487, S.CT. 774(1963): GRIFFIN V. ILLINOIS, 35 U.S. 2, 76 S.CT.585(1956): LONG V. DISTRICT COURT OF IOWA, 385 U.S. 92, 87 S.CT.362(1966): WILLIAMS V. OKLAHOMA.395 U.S. 458,89 S.CT. 1818(1969): GARDNER V. CALIFORNIA, 393 U.S 370.89 S CT.582(1969):NEVER V.CHICAGO, 404 U.S.189,92 S.CT.30(1971):CURRY V.STATE 488 S.W.2d 606 Tex.CR.APP.(1973): U.S.V. DAVIDSON,483 F.SUPP.1253(1977): EX PARTE MAYS,510 S.W.2d 606(TEX.CR.APP.- 1975): CARTUERIGHT V. STATE,527 S.W.2d 535 (TEX.CR APP.1975):COVILLOR V.STATE, 577 S.W.2d 118, 120-128(TEX.CR.APP.1977): ABNOR V. STATE,712 S.W.2d 131(TEX.- CR.APP.1986).

## V.

### CONCLUSION

(1) Applicant has no other legal remedy available to him other than this application for mandamus

(2) This action sought is, order the facts of this case, is essence, a mere ministerial act which respondent has a legal duty to perform.

(3) Applicant has properly requested respondent to perform which respondent has refused.

COPIES OF EXHIBITS SHOULD BE CERTIFIED COPIES

ATTACH AFFIDAVIT OF WITNESS TO FACT:

WHEREFORE,PREMISES CONSIDERED, applicant prays that this application be Granted and that respondent be ordered continue with relief requested.

Respectfully Submitted,

Robert Lee Smith(pro se)
Ellis Unit/1697 FM 980
Huntsville,Texas 77343

(3).

## AFFIDAVIT

STATE OF TEXAS

COUNTY OF WALKER

BEFORE ME, the undersigned authority, on this date personally appeared applicant who upon being duly sworn did depose and state;

My name is Robert Lee Smith and I am the relator in the above cause. I have read the above application for Mandamus and state that the factual allegations made their in are true and correct.

_____
Applicant,

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, by the said applicant on this the _31_ day of _September_ 2015, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
_Walker_ , COUNTY, TEXAS:

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Application for Mandamus was delivered or mailed to Respondent at Respondents address on this _31_ day of _September_ ,2015:

_____
Applicant pro se

EXHIBIT-A)

EXHIBIT-A)

Robert Lee Smith

Vs.

The State Of Texas

In The 184th.District Court

Of Harris County, Texas

## DEFENDANT, PRO-SE LITIGENT, REQUEST TO RECEIVE FREE PHOTO-COPIES OF THE TRIAL COURT REPORTER'S/CLERK'S RECORDS IN THE ABOVE ENTITLED NUMBERED CAUSE(S) IN ACCORDENCE WITH RULES OF APPELLATE PROCEDURE 20.2 VERNON'S ANN. AND THE TEX. CODE OF CRIM. PROC. 26.04(M).

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT LEE SMITH, defendant pro se, and respectfully moves this Honorable Court pursuant to the rule of Appellate Procedure 20.2, and the Texas Code Of Criminal Procedure § 26.04(M) for production Of The Trial Court Reporter's/Clerk's Records be provided in the Form of "Photo Copies" to this [Indigent] pro se defendant at the address listed herein so that he can adequately litigate and file a Writ of habeas Corpus in the court of Criminal Appeals. The defendant beseech the Honorble court for "PHOTO COPIES" of the trial court records in the above entitled and numbered cause(s), for the preparation of preparing his post trial claims and for a post trial Writ of Habeas Corpus on his Illegal sentence(s), and in support of the foregoing, defendant would show the court the following:

### I.

Your defendant, Robert Lee Smith, the undersigned pro se litigent, is currently serving two(50)years sentences to run concurrent for the offenses of Agg. - sexual assault on a child in violation of Texas penal code section § 22.021. Defendant was convicted **November 17,2005,** in The 184th. District Court Of Harris County, Texas Before the Honorable JAN KROCKER, JUDGE PRESIDING, and he was subsequently sentenced the same day.

### II.

The defendant request that this motion be construed Liberally, as Required in **Haines v. Kerner,** 92 S.CT 594 L. Ed 6052 (1971). Defendant is a Laymen, unskilled and inexperienced in the drafting of Writs, and Formal Pleading of errors, and therefore, is entitled to less stringent standards that formal pleading Drafted By Lawyers.

The defendant moves this court on his "OWN BEHALF," and according to provisions of article 1, sec. 19, and article 5, sec. 5, of The State Of Texas, article, 1,.05, sec. 4 of The Texas Code Of Criminal Procedure, and under the provisions of the "DUE PROCESS," and Equal Protection Clause For the Fourteenth Amendment to the U.S. Constitution.

Defendant asserts that said rules of Appellate Procedure Rule 20.04(M), Rules App. Proc., Rule 20.2, requires the State to provide A free Statement of facts to an appellate who appeals in "FORMA PAUPERIS. Rule 20.2, in the case of an indigent defendant, provides for the statement of facts for the Court Of Appeals. Furthermore, to impose any financial consideration between an indigent prisoner and his execise of his rights to sue for Liberty is to deny him equal protection of the Law. This motion is presented in good faith so that defendant may obtain Photo-state-copies of all the Documents and trial Records to Aid and assist him in the preparation of an Appeal to a higher court of the conviction imposed by this court. The defendant is entitled to rederss by habeas Corpus relief, that which is essential for his research, i.e., The trial Court Reporter's/Clerk's Records in the above cause.

### III.

Defendant is fully entitled to the trial court records sought herein which are essential in the preparation of his Appeal by habeas Corpus Application. Therefore, defendant would show this court which records he knows to be essential to which he is entitled;

1) THE COURT REPORTER'S NOTES/TRANSCRIPTS/STATEMENT OF FACTS:

2). A COPY OF THE COMPLAINANT'S.

3) A COPY OF THE INDICTMENT(S).

4). A COPY OF THE WARRANT(S).

5). A COPY OF THE JURY CHARGE(S).

6) A COPY OF THE DOCKET SHEET(S).

7). A COPY OF THE JUDGMENTS AND SENTENCE(S).

8). A COPY OF THE TRANSCRIPTION OF TESTIMONY ON ARGUMENT(S).

10). A COPY OF THE TRANSCRIPTION TESTIMONY ARGUMENTS ON PUNISHMENT.

11) A COPY OF THE TRANSCRIPTION OF INNOCENCE TESTIMONY.

12). A COPY OF THE COMPLETE GUILT PHASE/CASE-IN-CHIEF TRANSCRIPTION.

13). COPIES OF ALL TRIAL MOTION FILED BY STATE AND THE DEFENDANT.

14). A COPY OF ALL UNSPECIFIED DOCUMENTS NOT NAMED HEREIN THAT ARE RELEVANT TO THE ABOVE ENTITLED AND NUMBER CAUSE(S)

(9).. A COPY OF THE TRANSCRIPTION ON "VOIR DIRE".

CON"T TO NEXT PAGE

(2)

Defendant asserts without the above documents number one through Fourteen in the upper paragraph he would be unable to prepare fairly within the meaning of a Writ of habeas Corpus pursuant to article 11.07 of the V.A.C.C.P., (A) and in the best interst of justice. A Writ in support of defendant's post conviction Application and that All of the requested documents listed above will be utilized in preparation of this defendant's post trial Writ, and not for the abuse of the proceedings. The defendant need and request access the trial court records to vindicate his Legal Rights to a collateral Attack of his Illegal conviction(s),

## IV.

Defendant avers that he is pauper without funds, property or securties in which to pay for the trial court records. The fee that the District Clerk and court reporter are asking. Therefore, the documents and records should be afforded at No Cost to defendant in Order that he may construct an Appeal, and in support of the foregoing defendant cites the following cases: **ECKRIDGE V. WASHINGTON, 357 U.S.214, 78 S. CT. 1067,(1959): SMITH V. BENNETT, 365 U.S. 477, 83 S.CT.(1963): ORAPER V. WASHINGTON, 372 U.S.487, S.CT.774(1963): GRIFFIN V. ILLINOIS, 351 U.S.12, 76 S.CT. 585(1956): LONG V. DISTRICT COURT OF IOWA, 385 U.S.192, 87 S.CT. 362(1966): WILLIAMS V. OKLAHOMA, 395 U.S.458, 89 S.CT. 1818(1969): GARDNER V. CALIFORNIA, 393 U.S.370, 89 S.CT.582(1969): NEVER V. CHICAGO, 404 U.S. 189, 92 S.CT.30(1971):Curry V.STATE, 488 S.W.2d. 606 Tex.cr.APP. (1973): U.S. V. DAVIDSON, 483 F.SUPP.1253(1977):EX PARTE MAYS, 510 S.W.2d 606 (TEX.CR.APP.1975): CARTUERIGHT V. STATE, 527 S.W.2d. 535(TEX.CR.APP.1975)COUILLOR V. STATE, 577 S.W.2d. 118, 120-121(TEX.CR.APP. 1977): ABNOR V. STATE, 712 S.W.2d. 136(TEX.CR.APP.1986).**

## V.

The Supreme Court held that States are required to established avenues of Appellate review but it not fundamental that once established these avenues must be kept free from unreasonable distinctions that can only impede open and equal access to the courts. Defendant contends that, If denied the requested photostat copies of the trial court reporter's/Clerk's Records, he is therefore, being denied the right to Appeal. said denial would be a violation of the Fourteenth Amendment to the U.S. Constitution. To impose any further financial condition between an indigent prisoner of the State and his execise of a State right to sue for Liberty, is to deny that prisoner the "EQUAL PROTECTION OF THE LAW"

In the case of **LANE V. BROWN, SUPRA THE COURT REAFFIRMED THE FUNDAMENTAL PRINCIPLES OF GRIFFIN V, ILLINOIS SUPRA,** BY STATING TO FOLLOWING:

(3)

## A DESTITUT DEFENDANT MUST BE AFFORDED AS ADEQUATE

## APPELLATE REVIEW AS DEFENDANT WHO MAY HAVE TO BUY

## TRANSCRIP T:

In **Lane Supra,** The court went on to observe that **Smith v. Bennett,** 365 U.S.477 83 S.CT. 768 reaffirmed these principles when justices sais in pertinent part: **"That these principles were Not"Limitted to Direct Appeals"** From criminal Convictions: It is further stated in **Gardner, Supra** that a layman acting in his own defense, or his own behalf, "needs the court records even more so that an Attorney acting in his behalf would."

In the case at bar, defendant asserts that his need of the records are essential, and are required to present his case in the most favorable light, and he must procure said records to prove his errors pertaining to the issues in a **11.07 Writ Of Habeas Corpus** to the trial court and the Court Of Appeals, as well as the higher court.

Defendant asserts that his Constitutional Guaranteed Rights have been violated, but cannot be pursued by Post-Conviction Writ Of Habeas Corpus due to the lack of his trial records and other essental documents. Defendant avers that if he is denied the right to the trial records of his case in the above styled and number cause, that he would be denied the Right to Adequate Remedy Of Equal Access To Exhaustion The Issues Regarding his Illegal Convictions, and The Judge may not deny Defendant the trial Court Records On Discretion That A Fair Trial Was Held. **Eskeridge v. Washington,** 78 S.CT. 1061(1961): **Smith V. Bennett,** 365 U.S. 708 81 S.CT. 895. THE COURT MADE CLEAR THAT THESE PRINCIPLES WERE NOT TO BE LIMITED TO DIRECR APPEALS FROM CRIMINAL CONVICTIONS, BUT EXTENDED TO STATE POST-CONVICTION PROCEEDINGS. The court also stated in **Smith v. Bennett,** 81 S.CT. at 898 that the Fourteenth Amendment weighs the interest of Rich and poor criminal in equal scale and its hand extends as for to each. The court also stated in **Griffin v. People,** 76 S.CT.at 590----
"THUS TO DENY ADEQUATE REVIEW TO THE POOR MEANS THAT MANY OF THEM MAY LOSS THEIR LIFE LIBERTY AND OR PROPERTY BECAUSE OF UNJUST CONVICTION WHICH APPELLATE COURTS WOULD SET ASIDE."

Defendant avers that all said NOTES and Documents Of The Proceeding Occurring before, during and after the trial on the instant case are in the possession of the Court Reporter and The Court Clerk Of The 184th. Judicial District

Court In Harris County, Texas The Cost Of Said Records Must be Assumed By the State In This Regard Under The Jurisdiction, citing, **Griffin Supra.**

**WHEREFORE, PREMISES CONSIDERED,** the defendant respectfully request and beseech this Honorable Court To Grant The Relief Sought herein, or in the alternative, set this matter on the Docket for an evidentiary hearing on the merits, or Grant any further Relief that this court deems proper and/or just.

Respectfully submitted,

Robert Lee Smith pro se #1338999
Ellis Unit/1697 FM 980
Huntsville, Texas 77343

## AFFIDAVIT OF INDIGENCE

I ROBERT LEE SMITH, Do hereby swear and certify under the penality of perjury that I am indigent and destitute and have no money, funds nor assets or financial ability to retain counsel are pay for court records in the above cause are pay the cost of these legal proceedings.

Robert Lee Smith#1338999
pro se, Litigent

(5)

## DECLARATION

I, ROBERT LEE SMITH, TDCJ NUMBER-1338999, being presently incarcerated in The O.B.Ellis Unit Of The Texas Department Of Criminal Justice in Constiutional Division in Walker County, Texas Declar Under Penalty Of Perjury Pursuant to § 132.003 Texas Civil Practices and Remedies Code that the doregoing herein is true and correct to the best of my knowlege and belief.

EXECUTED ON THE 28, DAY OF NOVEMBER, 2007,

_____
Affiant, Robert Lee Smith

## CERTIFICATE OF MAILING

I, Robert Lee Smith, hereby certify that a true correct copy of the foregoing motion was delivered to the district Court In Harris County, Texas By Placing a copy of same in the Inmate Postal Service Mail Box 1697 FM 980, Ellis Unit/ Huntsvill, Walker County, Texas 77343 on the **28 day of November 2007.**

(6)

CAUSE NOS:#961276 & 966324

IN THE 184th. DISTRICT COURT OF

ROBERT Lee Smith

VS.

HARRIS COUNTY, TEXAS

THE State OF TEXAS

ORDER

The above motion to receive photo-copies of trial transcripts and records in accordance with Rules Of Appellate Procedure 26.04 and 20.2 free of charge to defendant was presented/heard on the day of_____,20 ___.

GRANTED _____

DINIED _____

SIGNED ON THIS _____day of_____2007.

_____
JUDG PRESIDING

(7)

EXHIBIT-B)

MR. ROBERT SMITH #1338999
ELLIS 1 UNIT
1697 FM 980
HUNTSVILLE, TX. 77343

IN THE COURT OF APPEALS

FOR THE FIRST DISTRICT

OF TEXAS

Dear; CARINNE McCULLOUGH "CLERK"

Please find enclosed one (1) affidavit requesting the cost of affiant's clerk record's and transcipt. Also, affiant request the cost of each potion of the trial trainscipt i.e., vior doir, Guilt/ Innocence phase; and the sentencing phase.

THANK YOU IN ADVANCE FOR YOUR ASSISTANCE

INTO THE MATTER AT HAND.

Sincerely, ROBERT SMITH

Date: 2/ 25/008

Cause Numbers;<u>961276</u> & <u>966324</u>

Ex Parte;

<u>ROBERT SMITH</u>,                               <u>In The Court Of Appeals For</u>

<u>AFFIANT</u>                                    <u>The First District Of Texas</u>

<u>THE STATE OF TEXAS</u>

<u>COUNTY OF HARRIS</u>

### <u>AFFIDAVIT</u>

<u>BEFORE ME</u>, the undersigned authority, on this day personally appeared <u>Robert Smith</u>, Who, being by me duly sworn on his oath depose as follows;

Comes now <u>ROBERT SMITH</u>, in a request to obtain the full cost of all clerk record and transcip in the aforesaid cause numbers and would swear and affirm that;

(1) ON August <u>3</u> 2003, a felony criminal complaint was filed ###### against affiants in cause numbers <u>961276</u> & <u>966324</u>;

(2). On OCTOBER 24 2003;, affiant was indicted for the offenses of aggravated sexual assault of a child in cause numbers 961276 & 966324;

(3). On NOVEMBER 15, 2005, Affiant's was convicted for the offenses of aggravated sexual assault of a child in cause numbers 961276 & 966324, and confined to a fifty (50) year sentence in TDCJ;

(4). On NOVEMBER, 28 2005, a direct appeal was taken in cause numbers 961276 and 966324;

(5). On JANUARY 11, 2007, Affiant's direct appeal was denied in cause numbers 961276 and 966324;

(6). On JANUARY 19, 2007, Affiant's P.D.R. was file in cause numbers 961276 and 966324;

(
(7). On JUNE 6, 2007 Affiant's P.D.R. WAS Denied in cause numbers 961276 and 966324;

(8). On OCTOBER 19, 2007, Affiant filed a motion requesting a copy of his clerk's record's and trial transcript in cause numbers 961276 and 966324;

((9). On NOVEMBER 17,2005, Affiant's requested a copy of his clerk records and transcript from the 184th. District Court of Harris County, Texas;

(10). On NOVEMBER 28, 2007, Affiant again requested information as to the cost of his clerk's record's and trial transcript from MRS. CARINNE McCULLOUGH IN cause numbers 961276 and 966324;

(11). On JANUARY 22,2008, Affiant filed two seperate pleading requesting information as to the cost of his clerk records and trial transcript in cause numbers 961276 and 966324;

(12). Affiant has declared that he is indigent and the he request from this court the cost of his clerk's records and transcripts in cause numbers 961276 and 966324;  and that this court gives him a breakdown of each potion of the clerk's record's as well as the court prceeding in his transcript of cause numbers 961276 and 966324.

_Robert Smith_
ROBERT SMITH
AFFIANT

BEFORE ME, the undersigned authority on this the 25 DAY of Fed ____, 2008, and personally appeared Robert Smith,  and swore and affirmed the truth of the contents recited hereinabove. He stated, under oath, that his testimony was true and correct and given for the purposed considerations recited.

Notary Public In and For
The State Of TEXAS


MY COMMISSION EXPIRES:

EXHIBIT-C)

EXHIBIT-C)

EXHIBIT-C)





# THERESA CHANG

### HARRIS COUNTY DISTRICT CLERK

February 29, 2008

MR. ROBERT SMITH
TDCJ #1338999
ELLIS UNIT
1697 FM 980
HUNTSVILLE, TX 77343

Re:   Your Letter Received: 02-18-08
       Reference Name: ROBERT SMITH

Dear MR. SMITH:

The document(s) in the cause number(s) you requested and the number of pages are listed as follows:

| Cause No | Document | No. of Pages |
|---|---|---|
| 961276, 966324 | COMPLAINTS | 2 |
| | INDICTMENT | 2 |
| | JURY CHARGES | 14 |
| | DOCKET SHEETS | 17 |
| | JUDGMENTS | 6 |
| | PRETRIAL MOTIONS | 16 |
| | STATEMENT OF FACTS | 144 |

**THESE COSTS ARE SENT TO YOU PER ORDER OF JUDGE KROCKER**

The fee for a certified or uncertified copy is $1.00 per page. If you wish to purchase a copy of any document(s) listed, please request the document(s) by name and cause number.

We accept **ONLY cashier's checks, money orders, inmate trust fund checks, or Texas law firm checks** payable to Theresa Chang, District Clerk. To expedite your request, please return this letter and a self-addressed stamped envelope along with your payment to the District Clerk, Attention: Criminal Correspondence, 1201 Franklin Avenue, 3rd Floor, Room 3138, Houston, TX 77002.

201 CAROLINE • PO BOX 4651 • HOUSTON, TEXAS 77210-4651



**THERESA CHANG**
HARRIS COUNTY DISTRICT CLERK

Sincerely,

Theresa Chang, District Clerk
Harris County, Texas

By: _____
T. Moore, Deputy District Clerk

EXHIBIT-D)

EXHIBIT-D)

EXHIBIT-D)

EXHIBIT-D)

EXIBIT "A"

MS LOREN JACKSON
HARRIS COUNTY DISTRICT CLERK,
HOUSTON,TEXAS 77002

NOVEMBER, 21/009
RE:CAUSE:#01-05-01095-CR &
01-05-01096-CR:

## MOTION TO PRODUCE TRIAL TRANSCRIPTS AND
## AUDIO SOUND RECORDING

**Now Comes,** **ROBERT LEE SMITH#1338999**,petitioner pro se respectfully moves this court pursuant to Rulle 13.1 and 13.2 of The Texas Rules Of Appellate Procedures for Ordering Transcripts and Audio Sound Tape Recording. Petitioner is entitled to a copy of his Transcripts and Audio Sound Tape Recording in Order to prepare his Post-Conviction Habeas Corpus Pursuant to Article 11.07 Code Of Criminal Procedures and 28 § U.S. 2254. The Court's Attention is directed to State v. Creel, 895 S.W.2d 899, 900(Tex. App. Waco 1995, Orig. Pro.) Which states the Court Reporter's Duties Under this Rule are Not Met Simply by filing the Reporter's record with apprpriate court. The reporter's record filed must be complete and accurate. It follow's petitioner submits that Texas Rule Of Appellate Procedures Rule 13.1 and 13.2 in pertainqs and provides the following;

(A) ATTEND COURT SESSION'S AND MAKE A FULL RECORD OF THE PROCEEDING UNLESS EXCUSED BY AGREEMENT OF PARTIES.
T.R.A.P.13 COURT REPORTER'S AND COURT RECORD: 13.1 ADDITIONAL DUTIES OF COURT REPORTER'S AND RECORDS. ADDITIONAL DUTIES OF COURT REPORTER THE OFFICIAL COURT RECORDER MUST ALSO:

(B) ENSURE THAT THE RECORDING SYSTEM FUNCTION'S PROPERLY THROUGHOUT THE PROCEEDING'S AND THAT A COMPLETE CLEAR AND TRANSCRIBALE RECORDING IN MADE.

(1).

**(C)** After the recording end's file with the clerk the original

**(D)** HAVE THE ORIGINAL RECORDING STORED TO ENSURE THAT IT IS PRSERVED AND ACCESSIBLE AND:

**(E)** ENSURE THAT ВО ONE GAIN'S ACCESS TO THE ORIGINAL RECORDING'S WITHOUT THE COURT WRITTEN ORDERS.

The above and foregoing language is clear and it's requirement are mandatory. This prespective has also been recognized by the United States Supreme Court in that State that a criminal defendant has a right to accurate record on appeal. Which a complete Transcripts of the preceeding at trial. See Hardy v. United State 375 U.S. 277 84 S.CT. 424 111. Ed.2d 33(1964).

In view of the foregoing and above petitioner heretofore request's this court to produce the Audio Tape Recording's and Transcripts pertinent to petitoner's sentence in which was held

**"SEPTEMBER,17,2005,' see HANDSON V. STATE, 956 F.2d 245(11 CIR.(1992).** In Re Jose A Coronado No;04-98-00596-CR.states an indigent criminal defendant is entitle as a matter of equal protection or of Due Process to obtain a free statement of facts and transcrips in order to assist in perpration of a petition of habeas corpus"ABSENT" a showing that the Writ of Habeas "ACTION" is not" Frivolous" and there is a "SPECIFIC" need for the trial records which are sought. ESCOBAR V. STATE, 880 S.W.2d 782, 873(TEX. APP.(HOUSTON 1ST.Dist.1993).

Applicant/Petitioner claims he is ACTUAL INNOCENT, and without The Fundamental Miscarriage Of Justice Applicant/Petitioner would never been convicted and or illegally sentenced, so he need's these record's. Abuse of discretion and prosecutorial Misconduct by volume. Page and lines, to establish that there are unadjudicated meritoious allegations of United States Constitutional Rights Violations.

WHEREFORE, premises considered Appellant/Petitioner prays that this court GRANT this motion. The court Reporter's to produce the entire volumes of Audio Sound Tape Recording Of the transcripts of Appellant/Petitioner Trial and Sentencing proceeding and exhibits.

# AFFIDAVIT/UNSWORN DECLARATION CERTIFICATE OF SERVICE

State Of Texas, County Of Walker County, **I Robert Lee Smith, TDCJ#-1338999, dulty sworn depose attest and say under penalty or prejury** that the foregoing and following statement are to the best of my knowledge pursuant 28 § U.S.C. 1746. I have serve, file this instrument by placing same within T.D.C.J.ID#. Internal mailing system an officially depository of U.S.P.S. In a post paid properly address wrapper to infra, and hereby veritv under penalty of prejury that the foregoing is true and correct to the best of my knowledge.

   **EXCUTED THIS DAY,** December, 21,009:

Robert Lee Smith#1338999)pro se
Ellis Unit/1697 FM 980
Huntsville,Texas 77343

(2).

EXHIBIT-E)

ROBERT LEE SMITH#1338999
EllIS UNIT
1697 FM 980
Huntsville,Texas 77343

JUNE 15,2010:

RE:TRIAL COURT NOS#961276 & 966324)

APPEAL COURT NOS:01-05-01095 & 01-05-01096-CR.)).

DEAR CLERK,

Enclosed, please find my motion, for the 184th.Judicial District Court to produce trial court transcript for on a Temporary Loan Basis. Under both Texas & Federal Law, Petitioner has The Right t to pursue post-conviction habeas Relief from the judgement and sentenced imposed on him.

Please Clerk of the court, Please file this Motion with the Judge of this court for inspection please.

I, also request that you notify me of the court's ruling on my motion.

SINCERELY YOURS,

ROBERT LEE SMITH#1338999
pro se petitioner

(1).

CAUSE NOS:#961276 § 966324

IN THE 184th.JUDICIAL DISTRICT

COURT OF HARRIS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

ROBERT LEE SMITH

## MOTION TO OBTAIN TRANSCRIPTS RECORD

**To THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Robert Lee Smith, defendant in the above entitled and numbered caused, and moves this Court for an Order to Grant Records of Transcriptss from hearing.

I.

Defendant was convicted on 11/17/05, for the offense of aggravated sexual assault.

II.

Defendant was confined at Harris County Jail, 1200 Baker Street, Houston,Texas 77002 and is indigent. Sa, such defendant is unable to pay any and all costs of transcrips records.

WHEREFORE, DEFENDANT PRAYS, that this court Grant this motion and have all said transcripts records forward to the defendant.

RESPECTFULLY SUBMITTED, THIS 17th DAY OF DECEMBER.

_____
Robert Lee Smith

## CERTIFICATE OF SERVICE

I Robert Lee Smith, being presently incarcerated in Harris County, Texas declare under penalty of purjury that the foregoing is true and correct. **EXECUTED ON DECEMBER 17,2005:**

**ORDER**

on this,the 14 dat of December 2005, came to be heard defendant's motion and it should be.

**GRANTED** _____
**DENIED** _____

(2)

SO ORDERED

_____
JUDGE PRESIDING

GRANTED _____
DENIED _____

(3).

EXHIBIT -F)

EXIBIT "F"

**Robert Le Smith**                                    In The 184th District Court ef

VS.              pro se,                             Harris County, Texas

       The State Of Texas

              MOTION TO REVIEW THE TRIAL RECORDS ON TEMPORARY BASIS:
              _____

Dear Ms Jackson,

greeting,  I  pray  all  is  well with you and yours, Ms Jackson this motion I

am filing in The 184th. District Court please, file  said  motion  and  bring

it to the attention of the Honorable Judge of said court.

Your  Assistance  and  consideration  and cooperation with regards to this

matter will be most sincerely appreciated. Thank you in advance.

              I look forward to receiveing your reply in the near furture;

                                    Respectfully Submitted,

9/19/011                            Robert Lee Smith, pro se

Robert Lee Smith

Vs.

The State Of Texas

In The 184th District Court Of

Harris County, Texas

## MOTION TO REVIEW THE TRIAL RECORDS ON TEMPORARY LOAN BASIS:

To The Honorable Judge Of Said Court;

comes's now, Robert Lee Smith, Movant, pro se in the above styled and numbered cause, and would respectfully move this honorable court to provide Movant with a copy of the trial records herein referred to as the the"Records" in trial cause numbers 961276 & 966324, on a temporary loan basis, in support of this Honorable Court is the following;

### I.
### JURISDICTION

This Honorable court has original and continuing jurisdiction over the parties and subject matter raised within this faith motion.

### II.
### OPEN RECORDS REQUEST

Movant's request is made, in part, pursuant to those provisions enacted through legislation under The Texas Public Information Acts, Codified Under Government Code § 552.000 Ct.Seg. V.T.C.A.,

### III.
### RECORDS FOR REVIEW

[A] Movant have in the furture have tried to prepare and submit a pro-se application for Writ Of Habeas Corpus, Pursuant to Texas Code Of Criminal Procedures Annoate Article 11.07.

[B] within the body of the application for Writ Of Habeas Corpus Movant expects to raise the following constitutional Error's but not limited to these alone;

1). Ineffective Assistance Of Counsel;

2). Insufficiency Of Evidence;

3). That...ect.

[c] as a matter of law Movant would state further that undser the proof Standard of Tex.code crim. pro. Ann. Art.11.07 and exparte Maldonado 688 S.W. 2d. 114 (Tex. cr. app. 1985) The applicant must state facts which, if true would entitle the applicant to relief. ID merely stating Legal Conclusion is not enough see Exparte Hernandez 705 S.W.2d 700 (Tex.cr.app.1996).

Futher more an applicant, ,to be entitled to relief, must plead and prove that the complained of error did infact, contribute to his conviction and punishment. Exparte Barber 879 S.W.2d 889(Tex.cr.app.1994) Movant would respectfully contend that, there is no way for him to be able to raise and or/plead factual errors on an application for Writ Of Habeas corpus without first being able to both review the "CLERK" RECORDS AND THE "REPORTERS RECORDS"within this cause;

[D] Movant would futthermore point out as a matter of law that in the event he was thus, forced to raise claims on his state writ, which were the denied thereafter, both by the Honorable Court and then the Court Of Criminal Appeals The overall harm from such a denied would not just stop here.

This harm would follow Movant into the Federal Courts as well.

Under the Antiterrorsim and effective Death Penalty Act Of 1996, [AEDPA] habeas relief under title 28-USCA §2254ÿ, will not be granted for any claim adudicated on the merits in state courts unless the decision was (1)contrary to

(2)

or involved an unreasonable application of "FEDERAL LAW" CLARLY established by The Supreme Court, or (2)" BASED ON AN UNREASONABLE DETERMINATION OF FACTS," see 28-USCA 2254 (d)(1) & (2).

Movant would in same likeness, be unable to meet these required standards without first being able to review the records, since Movant is indigent (see attached declaration in support, tThis failure or denial of the right to raise such claims on habeas corpus, because the Honorable court would not allow Movant a free viewing of the records would both be unconstitutional and against the Well Established holding under The United States Court Case Law.

## IV.
## AS A MATTER OF THE SUPREME COURT LAWS OF THE LAND

[a] Movant would contend that the United States Supreme Court has consistently held under certain circumstances, that trial records should be made availiable to indigent prisoners without prepayment of the cost and fee's proving such records and that prisoners access to the courts cannot be condition upon the amount of money he/or she may have, (see M.L.B.V.S.L.J., 117 S.CT. 555 (1996), Griffin v. Illonis 351 US 12,-76 S. CT. 35 (1956,

The Plurality in Griffin reconized "The Importance Of Habeas Review To Correct Adjudication of guilt or innocence Id. at 18,76 S. Ct. St 590..

[T]O deny adequate review to the poor. "The Plurality Observed" means that many of them may loose their life, liberty or property, because of unjust conviction which habeas courts would set aside. Id. at 19,-76 S.CT. 590 The rational has been applied various other forms of review.

[C] as a matter of facts Movant would point out that it is common practice on the prison Unit that prisiners receive records from the courts as loan basis to the "Warden Of The Unit" The Warden Allow offenders to review said records within the Unit Library, Under the constance supervision of its staff officers.

(3)

When the pre-established viewing time limitations by the Honorable court has been exhausted, The Warden then mails the Records back to the court, at the offenders expense.

## V.
### PLEA

**Movant** spectfically request this Honorable court to allow him in same, as the above said section IV. Subsection(C) and would plea that he only wishes to review the records, not retain a free copy of said records on the Unit that he is signed to. If the court is in agreement of this request, then Movant would specifically request the court for the following;

**[A]** that the above mentioned trial appeallate records in this cause Number **961276 & 966324,** including(1) The clerks records and/or transcripts, and (2) The reporteds records and/or testimonal minutes.

**(B)** that the court Order the District Clerk Of Harris County, Texas to Mail the complete Records to Senor Warden Of The Ellis Unit, 1697 FM 980 Huntsville, Texas 77343 _____, to confirm receipt by calling the Wardens Secretary, at_____;

**[C] Movant** specifically request Ninety(90)days to Review the Records in the Law Library, on the Ellis Unit Under Supervision Of The Warden Designee..

## VI
### CONCLUSION

**Movant** is making this reasonable and just request in good faith, to deny this request after having made this good faith attempt, as an indigent prisoner of this state, would be for the court to deny Movants constitutional vested rights to equal protection and due process of the law under both U.S. constitution Amendment(S) and XIV: and Texas Constitutions Article 1 & 10, § § 19. let this Honorable Court make the fair and just decision to uphold Movants constitutionally protected rights by granting this motion.

## VII.
### PRAYER

**Wherefore Premises considered, Movant** would Respectfully pray that this motion to review trial records on temporary loan basis, cause;nos#961276 & 966324.

Respectfully Submitted,

Robert Lee Smith#1338999
Ellis Unit/1697 FM 980
Huntsville,Tx.77343

9/19/011

(4).