[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16354
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20321-PAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS FERNANDO BERTULUCCI CASTILLO,
f.k.a. Fernando Blengio Cesena,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Fernando Bertulucci Castillo ("Castillo") appeals the district court's denial of his motion to unseal part of the record in his concluded criminal proceeding and subsequent motion for reconsideration.  On appeal, Castillo asks us to unseal the docket entries mentioned in his motion before the district court, docketed as documents 100, 102, 103, 104, and 105.[1]  He argues that he needs access in order to represent himself effectively in a future collateral attack on his conviction and contends that the sealed documents will show the government's bias and corroborate the allegations from his prior motion to vacate pursuant to 28 U.S.C. § 2255, where he raised claims of ineffective assistance of counsel.  Castillo also argues that the district court denied him due process by failing to provide him with any legal explanation or factual findings with regard to its decision to seal part of the record. [2]

We review for an abuse of discretion the refusal of a district court to unseal court documents.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007).  The district court's denial of a motion for reconsideration is also reviewed

---

[1] In his brief, Castillo also seeks to unseal document 49.  However, Castillo did not move to unseal document 49 in the motion before the district court that is the subject of this appeal, so the issue is not properly before us.  We also denied this same request in Castillo's prior appeal.

[2] The government suggests that Castillo's notice of appeal was not timely filed, which depends on whether his motion to unseal is considered a civil filing or criminal filing.  Construed as a criminal filing, the government has forfeited its timeliness objection by raising it only once in passing.  *See United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010); *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  If civil in nature, Castillo's notice of appeal was timely as to both orders.  *See* Fed. R. App. P. 4(a)(1)(B)(i), (4)(A).  Because we may proceed to the merits in either event, we need not decide the nature of the proceeding.

for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

There is no general constitutional right of access to documents that a criminal defendant deems material to a past criminal case or potential collateral postconviction proceedings. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1987); *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992). However, the press and public enjoy a qualified First Amendment right of access to criminal proceedings, which we have applied to criminal defendants seeking access to sealed records. *See United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005); *United States v. Ignasiak*, 667 F.3d 1217, 1237-39 (11th Cir. 2012).

There is a presumption of openness for court documents, but a party may overcome that presumption if it can show an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Ochoa-Vasquez*, 428 F.3d at 1030. In deciding whether an interest is sufficient to warrant sealing part of the record, the district court must consider, among other factors, (1) whether public access would impair the court's functions or harm legitimate privacy interests, (2) the degree and likelihood of injury if the information were released, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information is

relevant to public interests, and (6) the availability of less onerous alternatives to sealing. *Romero*, 480 F.3d at 1246.

When sealing proceedings or documents, a court must also articulate the overriding interest, along with findings specific enough to allow a reviewing court to determine whether the order was properly entered. *Ochoa-Vasquez*, 428 F.3d at 1030. However, the district court need not state the alternatives to sealing that it considered and rejected. *United States v. Valenti*, 987 F.2d 708, 714-15 (11th Cir. 1993).

The district court did not abuse its discretion, either in denying Castillo's motion to unseal or his motion for reconsideration. Although Castillo has alleged that he suffered a violation of due process, the district court was not required to unseal the record for his review in preparing for future litigation to attack his conviction. *See Ritchie*, 480 U.S. at 59-60. In sealing the filings, the district court provided adequate reasons to facilitate judicial review of its decision, and Castillo has pointed to no authority requiring that those reasons be disclosed to him. *See Ochoa-Vasquez*, 428 F.3d at 1030. The reasons provided by the district court were sufficiently compelling and warranted sealing all five docket entries. Castillo also did not provide any new arguments that warranted reconsideration of the district court's denial of his motion to unseal, and to the extent that he provided new

4

evidence concerning the alleged ineffectiveness of his prior attorneys, that

evidence is not relevant to any of the information contained in the sealed filings.

   **AFFIRMED.**